## TILLINGHAST v. HENDERSON.

1. FINDING OF FACT by Circuit Judge as to contract as to bidding in lands, affirmed.

2. ATTORNEY.—Facts here show that plaintiff was not acting as defendant's attorney, and that no advantage was taken of defendant in the transaction.

3. PAROL.—STATUTE OF FRAUDS do not apply to a case in which a party holding the title to lands seeks to set up by parol an agreement that the land was bid in for party in possession, that plaintiff was to have a part of it for his trouble, and lien on whole to secure advances to pay liens, and to prevent trespass on such portion by defendant.

4. CONTRACT—DECREE—REAL PROPERTY.—Where a certain sum is adjudged a lien on lands under parol contract between parties, party in possession should be allowed reasonable time to pay before sale of lands.

Before TOWNSEND, J., Barnwell, December, 1899. Modified.

Action on contract as to lands by W. S. Tillinghast agains Chloe Henderson and John Henderson. The following is the Circuit decree:

"This is an action for specific performance and for sale of land. The whole history of the case is long and the greater part of it irrelevant, and I shall, therefore, confine the consideration to the real issue. The land of Chloe Henderson was sold by order of Court by the master for Barnwell County. The plaintiff attended the sale, bid off the property, paid the purchase money and took a deed to the property. The plaintiff contends that he was employed to do this by Chloe Henderson, and that she agreed beforehand to give him fifteen acres of said land for his services. And, further, that it was agreed and understood between himself and the defendant, Chloe Henderson, before the sale, that he must bid off the land, pay the purchase money and take deed, and then reconvey the land to her, less fifteen acres, when her payment of the purchase money should be made, which was to be made by the first of February, 1898.

"The defendant, Chloe Henderson, denies this entire agreement. She admits that she had a conversation about these matters with the plaintiff before the sale, but that she offered him only *fifteen dollars,* and not *fifteen acres* of land, if he would attend the sale and protect her property, which she says the plaintiff refused, and that she finally told him she would let the land go, rather than be bothered with it. I am impressed with the apparent candor of the defendant, so far as it appears from the testimony, and most especially with the earnest and able argument of her counsel; but after reading and studying the testimony earnestly and carefully, I am forced to the conclusion that the weight of testimony is against her. I am fully satisfied that she promised plaintiff to do just what he contends for, and that he performed his part of the agreement. The plaintiff prays for specific performance of the contract in respect to the fifteen acres of land, and also for a sale of the remainder of said land, in order to reimburse himself for the portion of the purchase money for said land not refunded to him. He paid out for Chloe Henderson, as appears from the testimony, $118.45; of this amount she paid $50, leaving due to the plaintiff $64.45, with interest from December 6th, 1897, making in the aggregate, $78.78.

"As the plaintiff has already a deed to the fifteen acres, the deed from the master as hereinbefore mentioned, it will be necessary only to have a survey and plat of said fifteen acres made under direction of this Court to be filed with the master, after selling the remainder of the land, in order to reimburse the plaintiff, mention said plat and describe said fifteen acres in his deed to the purchaser. This, it appears to me, will secure to the plaintiff the fifteen acres of land, under his prayer for specific performance.

"It is, therefore, ordered, adjudged and decreed, that the master for Barnwell County direct some reputable surveyor to survey and cut off from the land described in the complaint as Chloe Henderson's land, fifteen acres, according to the description given in the testimony, as follows: * * *

And that said master require a plat of said survey to be made and filed in his office, with a sworn statement of actual expenses and charges; and that the master then advertise the remainder of said land for sale, on some convenient salesday thereafter, and sell the same at public sale at Barnwell, S. C.; one-half of the purchase money to be paid cash, and the balance in one year, with interest; the purchaser to give a bond and mortgage of the entire premises to secure the credit portion. * * *"

The defendant, Chloe Henderson, excepts to the decree of Circuit Judge on the ground:

"Ex. 1. That the testimony is entirely insufficient to prove that the defendant agreed to give the plaintiff fifteen acres of her land. It being evident from the plaintiff's own testimony that his attendance on said sale was to protect his own interest in the land offered for sale.

"Ex. 2. That the testimony shows the alleged transaction against the defendant was oppressive and inequitable; a transaction between attorney and client, resulting in great injustice and hardship to the client. That the plaintiff was the attorney of record in the case for the defendant, appellant, then plaintiff, and under the law will not be allowed to take advantage of his client's necessities.

"Ex. 3. That there was no legal sale or contract for the sale of the alleged fifteen acres of land under the statute of frauds. First. Because there is nothing in the testimony in regard to the alleged agreement to convey to the plaintiff the said fifteen acres of land to save the same from the operation of the said statutes. Second. Because the plaintiff relies upon a parol agreement, and there is no sufficient evidence of part performance of such agreement to sustain the same under the law. Third. Because there is no evidence to show that at the time of the alleged agreement and as part thereof there was any description of the alleged fifteen acres of land whatever, the plaintiff herself having testified to no other description than 'fifteen acres of land she was to get.'

Fourth. Because the defendant having never parted with the possession of the land, but having been from the date of said alleged agreement in the peaceable possession thereof, such alleged agreement is null and void, and specific performance will not be adjudged against her of such invalid parol agreement.

"Ex. 4. That the Circuit Judge should have made some provision in his decree, allowing the defendant, by delivering up the land and paying the sum of money adjudged to be due by her to the plaintiff, to prevent the sale of her remaining land; and it was error to make such unconditional order requiring the master to sell all of the defendant's land, without any opportunity to the defendant to save the same, even by paying in full any judgment of the Court which might be rendered against her."

*Mr. I. L. Tobin,* for appellants, cites: *Past performance alleged not sufficient to take case out of the statute:* 25 S. C., 566; Bail. Eq., 118; Rich. Eq., 133. *Description of land insufficient:* 25 S. C., 506; 13 Rich. Eq., 254; 7 Rich. Eq., 383; McM. Eq., 320. *Courts will not decree specific performance of hard and unconscionable bargains:* 2 Strob. Eq., 77.

*Messrs. J. O. Patterson* and *Bellinger & Townsend,* contra, cite: *Testimony shows entire performance by plaintiff, which takes case out of statute of frauds:* 57 S. C., 559; 3 S. C., 298.

March 9, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The facts of this case, as we gather them from the record before us, are substantially as follows: After the death of one Jane Gregory, the lands which she owned at the time of her death were offered for sale, probably for the purpose of partition amongst her heirs, of whom the defendant, Chloe Henderson, was one. At

that sale the said lands were bid off by one W. J. Sanders for the sum of $325, and on or about the 31st of October, 1893, an action was commenced by the said heirs against the said Sanders to set aside said sales for reasons not necessary to be stated here, in which action the heirs employed J. P. Youmans, Esq., as their attorney, who subsequently associated with him by consent of the heirs, the plaintiff herein, W. S. Tillinghast, Esq. These gentlemen conducted said action to a successful termination, and obtained a decree setting aside said sale, and ordering a resale of the said lands, and providing that out of the proceeds of such resale the said Sanders should be refunded the money, to wit: the sum of $325, which he had paid at the first sale; and we infer that the remainder of such proceeds should be divided amongst the heirs of said Jane Gregory according to their respective rights. After this decree was obtained, the plaintiff herein was no longer connected with that case, the Gregory heirs being represented by their original counsel, Mr. Youmans, between whom there were negotiations respecting the amount of his fee, which was to be shared in by Mr. Tillinghast, which was arranged to be paid in land, and much of the testimony taken in this case relates to those negotiations, and so far as we can perceive have no relevancy to the questions to be determined in this case. Subsequently the land was advertised for sale by the master on the 6th of December, 1897, and the parties, or at least some of them, one of whom was the defendant, Chloe Henderson, finding it impossible to raise the money necessary to pay her proportion of the amount to be refunded to the said Sanders,· Mr. Youmans again applied to Mr. Tillinghast to raise the money necessary for the purpose, attend the sale, bid off the land, pay the amount due to Sanders, take title to the land, and divide the same amongst the parties interested in proportion to their respective interests after he should have been refunded the amount advanced to pay Sanders, assuring him that he would be paid for his services in this matter, and making an arrangement with him to meet the defend-

ant, Chloe Henderson, the next day immediately preceding the sale to perfect the proposed arrangement. Accordingly, the parties (Tillinghast, Youmans, Chloe Henderson, with her husband, John Henderson,) met and entered into the proposed arrangement, though there is a conflict of testimony as to whether the plaintiff was to be paid fifteen dollars in money or to be allowed fifteen acres of the land as a compensation for his services and assistance in this matter. In pursuance of this arrangement, the plaintiff did attend the sale, bid off the land for $1,250, took titles in his own name, and paid to Sanders the amount to be refunded to him. It seems that the plaintiff has made satisfactory arrangements with all the heirs of Jane Gregory, except the defendant, Chloe Henderson—at least, it is only her interest that is involved in this case. But Chloe Henderson has not paid the whole amount of the proportion which she was required to pay to satisfy the claim of Sanders, and insists that the compensation which was to be allowed the plaintiff for his services was not fifteen acres of land, but fifteen dollars, and neither this amount nor the balance of her proportion of the amount advanced by plaintiff to pay the claim of Sanders has she ever paid, though she says in her letter of 25th January, 1898, to the plaintiff : "I am trying to get you money and bring it with me when I come; I will be there the first of February, if I live, and will try and bring your money, and if I don't bring the money I will give you a mortgage on the land." This promise not having been complied with, the plaintiff commenced this action on the 23d March, 1898.

The testimony was taken by the master and reported to the Court, and is fully set out in the "Case," and the case was heard by his Honor, Judge Townsend, who rendered his decree in favor of the plaintiff, from which defendants appeal upon the several grounds set out in the record. This decree and the exceptions thereto should be incorporated by the Reporter in his report of the case.

The first exception raises the question as to the sufficiency

of the testimony to establish the agreement as claimed by the plaintiff. A careful examination of the testimony satisfies us that there is no foundation for this exception. It is true, that there is some conflict in the testimony, but we agree with the Circuit Judge that the weight of the testimony is in favor of the version of the transaction as given by the plaintiff and his witness, Mr. Youmans. It is, however, charitable to say that the defendant, Chloe Henderson, in giving her testimony, has probably confounded two entirely distinct and different transactions, to wit: the one in which Mr. Youmans was originally employed to bring the action, in 1893, to set aside the sale to Sanders, and the other, in 1897, when the Gregory heirs, finding they could not raise the money necessary to refund the amount paid by Sanders at the first sale, and fearing that the whole of the land would be sold at a sacrifice, employed the plaintiff to save them from that disaster. This will probably account not only for the conflict of testimony, but also for discrepancies in the answers of the defendant, Chloe Henderson, in the testimony she gave on the stand.

As to the second exception, it is sufficient to say that the testimony shows that Mr. Tillinghast was not the attorney of the defendant at the time he was applied to for the purpose of raising the money necessary to bid off the land and prevent a sale at a sacrifice. Besides, we see nothing in the testimony which even tends to show that the plaintiff took any advantage of defendant.

The third exception, with its four subdivisions, which are designed to raise the question of the statute of frauds, cannot be sustained, for two reasons: 1st. The plaintiff is not asking the Court to enforce the specific performance of a contract for the sale or conveyance of the tract of land, and whatever may be the form of the relief demanded in the complaint, the Court judges of the real nature of a case by the pleadings and evidence in the case, and is not controlled by the prayer for relief. Now the case as made here by the allegations in the pleadings and the testi-

mony adduced shows that the plaintiff does not need and is not entitled to have any decree for the specific performance of a contract for the sale or conveyance of real estate; for the very obvious reason that it is conceded that the plaintiff holds the legal title to the whole of the land except such as he may have conveyed to others under the deed from the master. All that the plaintiff really wants, so far as the fifteen acres of land are concerned, is the right to the peaceable and quiet possession of the land for which he holds the unquestionable legal title. And here we may say, in justice to the plaintiff, that if he had had the least disposition to take any advantage whatever of these parties, all he had to do was to stand upon his legal title to the whole of the land, under his deed from the master, and force these parties to bring their action for the specific performance of the parol contract, by which the plaintiff had agreed to convey to the several parties their proportionate shares of the land upon their refunding their proportion of the amount advanced by the plaintiff to pay the claim of Sanders, and in such an action these heirs might possibly have encountered a very serious obstacle in the provisions of the statute of frauds. But even if the statute of frauds can be regarded as applicable to the case made by the plaintiff, the fact clearly established by the testimony, that the plaintiff has fully performed his part of the contract, would be sufficient to take the case out of the operation of the statute. The third exception, with its several subdivisions, must be overruled.

There is merit in the fourth exception. It seems to us that the defendant, Chloe Henderson, should be allowed some reasonable time within which to pay to the plaintiff the balance due by her on the sum advanced by plaintiff to pay her portion of the amount due to Sanders, with interest on the same, as directed by the Circuit Judge, and that the Circuit decree must in this respect be modified.

The judgment of this Court is, that the Circuit decree as herein modified be affirmed, and that the case be remanded

to the Circuit Court for the purpose of carrying out the views herein announced.